UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| James R. Rose,        )<br>                                )<br>         Plaintiff,       )<br>                                )<br> v.                           )<br>                                )<br> Brian Stirling,         )<br>                                )<br>         Defendant.   )<br>_____) | Civil Action No.: 0:23-cv-05261-RBH<br><br><br><br>**ORDER** |

This matter is before the Court for review of the Report and Recommendation ("R & R") of the United States Magistrate Judge Paige J. Gossett, who recommends summarily dismissing Plaintiff's Complaint without prejudice and without issuance and service of process.[1]  *See* ECF No. 9.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court.  The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's R & R to which objections have been filed.  *Id.*  However, the Court need not conduct a de novo

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.).  The Court is mindful of its duty to liberally construe Plaintiff's pro se filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing "[a] document filed *pro se* is to be liberally construed" (internal quotation marks omitted)).  *But see United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("Although courts must liberally construe the claims of *pro se* litigants, the special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate." (internal citations, quotation marks, ellipsis, and brackets omitted)).

review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation.  *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## Discussion[2]

Plaintiff, a state prisoner proceeding pro se and in forma pauperis under 28 U.S.C. § 1915, filed this action pursuant to the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc et seq., against Defendant Brian Stirling, Director of South Carolina Department of Corrections ("SCDC").  *See* ECF No. 1.  Plaintiff seeks to enjoin SCDC from enforcing its grooming policy against Plaintiff. *Id*.  Plaintiff contends the grooming policy prohibits him from "growing [his] hair to an unlimited length styled in dreads, braids, plaits, cornrows, afros, twists, etc.." *Id*.  Plaintiff alleges his inability to do so constitutes a substantial burden on his Rastafarian beliefs and SCDC cannot show that the policy is the least restrictive means of furthering a compelling government interest. *Id*.

The Magistrate Judge issued an R & R, which recommends summarily dismissing this action as frivolous because this action is duplicative of other cases Plaintiff has filed and lost.  *See* ECF No. 9.  The Magistrate Judge points to *Rose v. South Carolina Department of Corrections*, No. 0:18-3315-RBH, ("Rose I") and *Rose v. Stirling*, No. 0:20-1158-RBH, ("Rose II")

---

[2] The R & R thoroughly summarizes the factual and procedural background of this case, as well as the applicable legal standards.  *See* ECF No 9.

Plaintiff objects to the R&R, arguing this case is not frivolous because Rose I was "incompetently" filed against a corporation that cannot be sued and (2) was specifically about dreadlocks while the current case is about different fashions such as braids, cornrows, afros, plats, etc. *See* ECF No. 11.  This Court overrules Plaintiff's objections.

In Rose I, the Magistrate Judge found because the defendant, SCDC, is an arm of the state, it was not amenable to Plaintiff's claims that were based on 42 U.S.C. § 1983.  That analysis did not apply to the Plaintiff's RLUIPA claim seeking an injunction related to SCDC's grooming policy.  Thus, Plaintiff's first objection is overruled.

As to Plaintiff's argument that Rose I only dealt with dreadlocks while the instant action relates to other hair fashions, this Court disagrees.  In Rose I, the Magistrate Judge addressed the RLUIPA claim on the merits in a report and recommendation.  *See Rose v. S.C. Dep't of Corr.*, No. CV 0:18-3315-RBH-PJG, 2019 WL 7882147, at *1 (D.S.C. Dec. 12, 2019).  The Magistrate Judge found SCDC's grooming policy (1) did not violate RLUIPA because SCDC met its burden of showing the grooming policy furthers a compelling governmental interest in security and hygiene and (2) is the least restrictive means of furthering SCDC's interest in security and hygiene. *Id*. at pp. 7–13; *see also* 42 U.S.C. § 2000cc-1(a)("No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.")   The Magistrate Judge's analysis mentioned dreadlocks but also referred more broadly to the entire grooming policy related to hair. *Id*.  Plaintiff did not object to the report and recommendation, and this Court adopted that portion of the report and recommendation, and

"dismiss[ed] with prejudice the portion of Plaintiff's RLUIPA claim seeking injunctive relief regarding Defendant's grooming policy." *Rose v. S.C. Dep't of Corr.*, No. 0:18-CV-03315-RBH, 2020 WL 289273, at *1 (D.S.C. Jan. 21, 2020). Plaintiff has not provided any allegations that would indicate the policy has changed since Rose I or that there are any different facts or circumstances. As such, this Court agrees this action is duplicative of Rose I.

In Rose II, Plaintiff's amended complaint noted his Rastafarian faith "requires him to grow his hair to unlimited lengths styled in: dreadlocks; braids; plaits; twist; cornrows; afros; etc." *See* Rose II at ECF No. 10. The Magistrate Judge found the RLUIPA claim was barred by claim preclusion. *See Rose v. Stirling*, No. CV 0:20-1158-RBH-PJG, 2020 WL 8513595, at *1 (D.S.C. Dec. 23, 2020). Plaintiff did not object, and this Court adopted the Magistrate Judge's report and recommendation and dismissed the complaint. *Rose v. Sterling*, No. 0:20-CV-01158-RBH, 2021 WL 535400, at *1 (D.S.C. Feb. 12, 2021).

After reviewing the Complaint in this action, and Plaintiff's previous actions, this Court agrees the current action is frivolous because it is duplicative of the aforementioned actions. *See Cottle v. Bell*, 229 F.3d 1142 (4th Cir. 2000)("Because district courts are not required to entertain duplicative or redundant lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e)."); *see also Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 162 (4th Cir. 2008)("The test for deciding whether the causes of action are identical for claim preclusion purposes is whether the claim presented in the new litigation arises out of the same transaction or series of transactions as the claim resolved by the prior judgment.")

**Conclusion**

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's R & R [ECF No. 9] and **DISMISSES** Plaintiff's complaint *without prejudice* and without issuance and service of process.

**IT IS SO ORDERED.**

Florence, South Carolina  
May 9, 2024

s/ R. Bryan Harwell  
R. Bryan Harwell  
Chief United States District Judge